UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNETTE DELISLE,  )<br>    Plaintiff  )<br>v.  )<br>  )<br>  )<br>CRUZ AUTO SALES, LLC, and  )<br>WILLIAM CRUZ  )<br>    Defendants  )<br>  ) | CIVIL ACTION<br><br>TRIAL BY JURY<br>DEMANDED<br><br><br><br><br><br>DECEMBER 8, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 et. seq., and Article 2 of the Uniform Commercial Code , Conn. Gen. Stat. § 42a-2-101 et seq. ("UCC") against Cruz Auto Sales, LLC ("Cruz Auto"), a used car dealership that fraudulently and maliciously breached its obligations under an express warranty for a 2001 Volkswagen Golf (the "Vehicle).

2. Plaintiff also asserts pendent claims against Cruz Auto and its owner, William Cruz ("Cruz") for fraud and under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 et seq.

3. Plaintiff, Jeannette Delisle, is a consumer residing in Bristol, CT.

4. Cruz Auto is a Connecticut limited liability company that operates a used motor vehicle dealership in Meriden, CT. It is an authorized dealership for Nissan Motors.

5. William Cruz is a Connecticut resident residing in Plantsville and is the sole member and general manager of Cruz Auto.

6. Jurisdiction in this Court is proper pursuant to Magnuson Moss, 15 U.S.C. § 2310(d)(1)(B) and Fed. R. Civ. P. 18(a).  Specifically, the Plaintiff's claimed damages, including her claim for common law punitive damages under her breach of warranty claim, are expected to exceed $50,000.

7. This Court has jurisdiction over the defendants because they are located in Connecticut.

8. Venue in this Court is proper, because the parties are residents of this state and the transactions complained of occurred in this state.

9. Prior to October 30, 2010, Cruz or Cruz Auto placed an advertisement for the Vehicle in The Bristol Observer, a newspaper.

10. The advertisement did not indicate that the vehicle was placed for sale by a dealership and did not contain the information required under Conn. Agency Reg. § 420110b-28(b)(2).

11. Plaintiff responded to the advertisement and was directed to go to a residential address which she later learned was Cruz's residence.

12. Plaintiff went to Cruz's residence with her two adult daughters on October 30, 2010.

13. William Cruz did not during this initial meeting inform Plaintiff that he operated a car dealership or that the Vehicle was owned by Cruz Auto.

14. Instead, William Cruz falsely and deceptively told Plaintiff that the Vehicle was his wife's car.

15. Plaintiff agreed to purchase the Vehicle for a total cost of $5,900, and she provided William Cruz with a deposit.

16. Plaintiff returned to Cruz's residence on November 1, 2010 with the balance of the cash price.

17. At that time, Cruz provided Plaintiff with a Cruz Auto purchase order form, which she and Cruz both signed.

18. Plaintiff paid the balance of the purchase price to William Cruz.

19. Although the purchase transaction was entered into at a location other than Cruz Auto's regular place of business, Cruz Auto failed to include the notice of the three-day right of cancellation that was required by the Connecticut Home Solicitation Sales Act ("HSSA"), Conn. Gen. Stat. §§ 42-134 et seq.

20. Cruz Auto provided an express warranty that the Vehicle would be mechanically operational and sound for a period of 60 days or 3,000 miles, which warranty provided that Cruz Auto would pay 50% of the cost of labor and repairs required during that time.

21. Additionally, there was an implied warranty that the Vehicle was merchantable by operation of Conn. Gen. Stat. § 42a-3-314.

22. The Vehicle was not in merchantable condition and was not mechanically operational and sound at the time of the sale. Specifically, the engine had a noticeable "knock".

23. Plaintiff took the Vehicle to Cruz Auto on November 13, who returned it on November 19 at which point William Cruz said that the Vehicle had been "fixed."

24. The very next day, November 20, the check engine light came on.

25. Plaintiff attempted to reach William Cruz and Cruz Auto but was unable to do so.

26. Plaintiff took the Vehicle to Crowley Volkswagen ("Crowley"), a Volkswagen dealership located in Plainville, CT, for an evaluation.

27. Crowley determined that the engine control module was disabled, that the front oxygen sensor required replacement, that the front brake pads were 95% worn and required immediate replacement, that front strut mounts required replacement, that the sway bar bushings were worn, that the parking brake cables were rusting, and that the valve cover gasket was leaking.

28. Plaintiff paid $412.01 to Crowley Volkswagen for the cost of the inspection and for replacing the front oxygen sensor.

29. On November 22, Plaintiff took the Vehicle to Meineke Car Care Center in Bristol, CT to obtain a second opinion on the brakes, and Meineke also determined that the brakes required replacement. Plaintiff paid $31.79 for that inspection.

30. On November 23, Plaintiff returned the Vehicle to Cruz Auto for a second time, and Cruz Auto agreed to perform the repairs that had been identified by Crowley and Meineke.

31. On November 29, Plaintiff picked up the Vehicle, and Cruz provided her with a repair order in which it stated that it replaced the front brake rotors and pads, replaced the rear brake pads, replaced the valve cover gaskets, and replaced the timing chain and tensioner.

32. On December 3, the check engine light illuminated again and, by this time, the brakes had a very loud squeal.

33. On December 6, one of the Plaintiff's daughters brought the Vehicle to Hoffman Honda in West Simsbury to determine if the repairs described in the repair order form had actually been performed.

34. Hoffman Honda determined that the front sway bar bushing was loose, the parking brake cables were rusted and one was frozen, that there was oil on the engine that had not been cleaned. Hoffman said that it could not determine the cause for the check engine light and advised that a Volkswagen dealership would need to make that diagnosis.

35. On December 7, Plaintiff took the Vehicle to Cruz Auto for a third time, and Cruz Auto again agreed to make the necessary repairs to the Vehicle.

36. On December 9, Plaintiff retrieved the Vehicle from Cruz Auto, who furnished her with a repair slip indicating that it checked the engine light and reset it, checked the front brakes and replaced the rotors a second time, and that it replaced the hazard light switch.

37. On December 19, the check engine light illuminated again.

38. On December 20, Plaintiff took the Vehicle to Crowley to be evaluated, and Crowley determined that the cause of the check engine light was a problem with the camshaft timing and questioned whether the repairs to the tensioner and the timing belt replacement had been done properly.

39. On December 22, Plaintiff took the Vehicle to Hamelin & Sons, an auto repairer in Bristol, to obtain a second opinion. Hamelin similarly determined that the timing chain installation may not have been done properly and that this was the possible cause of the camshaft timing problem.

40. On December 28, Plaintiff took the Vehicle to Cruz Auto for a fourth time for repair, and Cruz Auto delivered the Vehicle to Esposito's Automotive in Meriden for purposes of repairing the Vehicle.

41. On January 7, 2011 Esposito's removed and replaced the camshaft advancement gasket at a cost of $410.10.

42. Plaintiff picked up the Vehicle at William Cruz's house on January 10, 2011.

43. On February 11, 2011, the check engine light came on again.

44. On February 13, 2011, Plaintiff brought the car to Cruz Auto a fifth time and requested that after repairing it, he should drive it for at least 60 miles to make certain that the light does not come back on again.

45. Cruz Auto delivered the Vehicle to Langan Volkswagen, a Volkswagen dealership, who attempted some repairs at a cost of $420.60.

46. On March 2, 2011, Plaintiff picked up the vehicle at Cruz's home and paid approximately $200, which Cruz represented constituted half of the cost of the repairs and which he stated was owed by them.

47. On March 4, 2011, the check engine light came on again.

48. On March 9, 2011, the multi-function indicator light, which is an indicator light that signals possible problems with many of the vehicle's functions, also illuminated.

49. Plaintiff returned the Vehicle to Cruz's residence again on March 14, 2011.

50. At that time, the Vehicle's odometer reading was 70,002.

51. On March 22, 2011, Cruz returned the Vehicle to Plaintiff with an odometer reading of 70,580.

52. Cruz informed Plaintiff that he had repaired the Vehicle himself, that he had driven the car extensively, and that the light did not come on.

53. Plaintiff subsequently discovered that Cruz or someone under his direction had tampered with the check engine light by stuffing paper behind the dashboard so that the light would not be noticed.

54. Plaintiff subsequently had the necessary repairs to the vehicle performed at a total cost of $1,696.01.

55. Cruz and Cruz Auto have breached the express and implied warranties.

56. The breaches of warranty were tortious in nature, intentional, in bad faith, and were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that she sustained.

57. Cruz and Cruz Auto have also acted unfairly and deceptively in violation of CUTPA, causing Plaintiff to suffer an ascertainable loss.

WHEREFORE, the Plaintiff claims actual damages, common law punitive damages, and a reasonable attorney's fee and costs for the defendants' breaches of warranty pursuant to the Uniform Commercial Code, Connecticut common law, and the Magnuson Moss Warranty Act, and she claims actual damages, punitive damages, and a reasonable attorney's fee and costs pursuant to CUTPA.

PLAINTIFF, JEANETTE DELISLE

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457