UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNETTE DELISLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:11cv1902 (MRK) |
| | : |
| CRUZ AUTO SALES, LLC, and | : |
| WILLIAM CRUZ, | : |
| | : |
| Defendants. | : |

### RULING AND ORDER

Plaintiff Jeanette Delisle claims that Cruz Auto Sales and its owner, William Cruz, fraudulently and maliciously breached the express warranty that it provided her in connection with her purchase of a used 2001 Volkswagen. Ms. Delisle brings claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq., Article 2 of the Uniform Commercial Code, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-100 et seq.

Because Defendants have failed to appear in this matter, the Court entered default against them on May 1, 2012. *See* Fed. R. Civ. P. 55(a). On May 29, 2012, Ms. Delisle moved for default judgment against Defendants, *see* Fed. R. Civ. P. 55(b), seeking actual damages of $2,339.81, punitive damages of $11,699.05, and attorney's fees and expenses of $6,000.[1]

Before deciding Ms. Delisle's motion for default judgment, the Court must first assure itself that it has subject matter jurisdiction over the case. As Rule 12(h)(3) of the *Federal Rules of Civil Procedure* instructs: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." While "all the well-pleaded allegations in the

---

[1] The request for attorney's fees was subsequently raised to $6,975. *See* Mem. of Law Regarding Jurisdiction of the Court [doc. # 17] at 6.

pleadings" are deemed admitted when the Court considers a default judgment, "[t]his principle, . . . has no bearing on an inquiry into whether the default judgment itself [would be] void for lack of subject matter jurisdiction." *Transatlantic Marin Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997). The Court must, therefore, independently verify that it has subject matter jurisdiction or else any default judgment it enters will be void. *See, e.g.*, *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994).

Ms. Delisle claims that this Court's jurisdiction arises under the Magnuson-Moss Warranty Act, which establishes federal jurisdiction only when the amount in controversy is $50,000 or more, exclusive of interests and costs. *See* 15 U.S.C. § 2310(d). As Judge Eginton has stated—in the case on which Ms. Delisle hangs her jurisdictional hopes, *see* Mem. of Law [doc. # 17] at 1, 3-5, 7—pendant state law claims, interest, and attorney's fees are not counted toward the $50,000 threshold. *See Angelillo v. Harte Nissan, Inc.*, No. #:09-cv-1313 (WWE), 2010 WL 569887, at *3 (D. Conn. Feb. 17, 2010). The Second Circuit has affirmed, however, albeit in an unpublished opinion, that "punitive damages are . . . recoverable under Magnuson-Moss if they would be recoverable in a breach of warranty action brought under governing state law." *Rosen v. Gupta*, No. 99-7226, 2000 WL 639964, at *1 (2d Cir. May 17, 2000) (summary order); *see also Angelillo*, 2010 WL 569887, at *3.

Ms. Delisle has alleged that Defendants willfully tampered with her check engine light in an attempt to mislead her into thinking that repairs on her Volkswagen has been successful. *See* Compl. [doc. # 1] ¶ 53. Thus, she is right to note that punitive damages may be available to her under Connecticut state law, which allows for punitive damages in breach of contract cases involving tortious action that is "done with a bad motive or with a reckless indifference to the interests of others." *Triangle Sheet Metal Works, Inc. v. Silver*, 154 Conn. 116, 127-28 (1966)

(quotation marks omitted). "In Connecticut, however, recovery is limited to an amount which will serve to compensate the plaintiff to the extent of his expenses of litigation less taxable costs." *Id.* at 127.

The question before the Court is whether the actual damages Ms. Delisle alleges in her complaint, plus the punitive damages allowable under Connecticut state law, might together amount to $50,000, thereby giving rise to federal jurisdiction. In her Complaint, Ms. Delisle stated that her "claimed damages, including her claim for common law punitive damages . . . are expected to exceed $50,000." She has since clarified that this expectation was based on anticipated attorney's fees—and, hence, anticipated punitive damages under Connecticut common law—should this case have gone to trial. *See* Mem. of Law [doc. # 17] at 4.

As Ms. Delisle points out, Judge Eginton endorsed a similar reasoning in *Angelillo*, where the plaintiff's attorney had submitted a declaration stating his belief that attorney's fees would exceed $20,000 in the case of a bench trial and $50,000 in the case of a jury trial. *Angelillo*, 2010 WL 569887, at *4. Here too, Ms. Delisle's attorney has declared that, when he filed her Complaint, he expected that attorney's fees might exceed $50,000. *See* Decl. of Daniel S. Blinn [doc. # 17-1] ¶ 4. Thus, Ms. Delisle argues that this Court should follow Judge Eginton in finding that no matter the amount of actual damages expected at the time of filing, the expected common law punitive damages were themselves sufficient to reach the jurisdictional floor. *Angelillo*, 2010 WL 569887, at *5.

Ms. Delisle candidly acknowledges the troubling implication of what she calls the "*Angelillo* rule": that federal jurisdiction will seemingly *always* obtain under Magnuson-Moss in Connecticut cases involving tortious breach of warranty—no matter how small the actual damages involved. A plaintiff might claim actual damages of $100, but if going to jury trial on

that $100 claim would cost $50,000, the *Angelillo* rule would allow the claim to proceed in federal court.

The Court need not endorse or reject the *Angelillo* rule here, however, for even under that rule, dismissal of this case is still warranted. After all, in *Angelillo*, the expected actual damages may have been as high as $34,932.52. *Id.* Were that the case, punitive damages of $50,000 might reasonably have been anticipated. Here, however, Ms. Delisle's actual damages amount at most to $2,339.81. Reaching Magnuson-Moss's jurisdictional amount would require punitive damages of $47,660.19—over *twenty times* the amount of the actual damages. Yet the Supreme Court has cautioned that "[w]hile States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 416 (2003). The Supreme Court has been admittedly "reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award," *id.* at 424, yet it has also emphasized that "few awards exceeding a single-digit ratio between punitive and compensatory damages" will satisfy due process. *Id.* at 425.

In light of the Supreme Court's guidance in this area, it was unreasonable to expect that a claim for $2,339.81 in actual damages might result in punitive damages over twenty times that amount. Thus, unlike in *Angelillo* where the expected punitive-to-actual damages ratio was potentially as low as 1.4, here the amount damages needed to establish federal jurisdiction would themselves violate federal due process requirements.

Ms. Delisle may pursue her claims in Connecticut state court, where Magnuson-Moss's amount-in-controversy requirement does not apply. But, because it appears to a legal certainty from Ms. Delisle's complaint that her actual and punitive damages together could not amount to

$50,000 or more, this Court lacks subject matter jurisdiction over her claims. Her Motion for Judgment [doc. # 15] must therefore be DENIED and this case DISMISSED. **The Clerk is instructed to close this file.**

                                        IT IS SO ORDERED.

                                        /s/  Mark R. Kravitz
                                        United States District Judge

**Dated at New Haven, Connecticut: June 6, 2012.**